**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **EEVZDROP, LLC,** )<br>**An Illinois limited liability company,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**EVZDROP, INC.,** )<br>**A Delaware corporation,** )<br>)<br>**Defendant.** ) | No. 12 cv 08207 |

## COMPLAINT

Plaintiff, Eevzdrop, LLC ("Plaintiff") states the following for its Complaint against Defendant, Evzdrop, Inc. ("Defendant").

## NATURE OF THE ACITON

1. Plaintiff seeks a judicial declaration of priority of its ownership in and rights to use the name/mark "EEVZDROP" in connection with software in the nature of a mobile application for social networking and exchanging files and messages over the Defendant's right to use a nearly identical name/mark "EVZDROP" in connection with a nearly identical mobile software application. Plaintiff also seeks injunctive relief enjoining any further use of Defendant's EVZDROP mark by Defendant and any mark or name that is similar to Plaintiff's EEVZDROP mark.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this case under 28 U.S.C. §§1331 & 1338 and 15 U.S.C. § 1121(a) because Plaintiff's claims arise under the Lanham Act, 15 U.S.C. §1151 *et seq*.

1

3. Moreover, because Plaintiff seeks declaratory relief due to an actual controversy between Plaintiff and Defendant, this Court is authorized and has jurisdiction to declare the rights of the parties pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §2201-2202.

4. "In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a).

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1)-(2). Defendant's principal place of business is in this District. Plaintiff's principal place of business is in this District. Additionally, a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

6. Plaintiff is a limited liability company organized under the laws of the State of Illinois with its principal place of business at 1412 W. Division St., Unit 3, Chicago IL 60642.

7. The sole member of the Plaintiff limited liability company is Neuché, LLC, a limited liability company organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. All of the members of Neuché, LLC are citizens of the State of Illinois.

8. On information and belief, Defendant, Evzdrop, Inc., is a Delaware corporation with its principal place of business located in the State of Illinois at 1014 Oak Street, Winnetka, Illinois 60093, and is a citizen of the State of Delaware.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. On or about November 17, 2011 Adekunle Adesuyi, Raymond Punzalan and Rommel Paraiso conceived of the idea of creating a social media software application for the iPhone (an "App") that would allow users to create and share audio files, among other features.

10. Adesuyi, Punzalan and Paraiso conceived of the name "EEVZDROP" as the name of the App.

11. On November 18, 2011, Adesuyi, Punzalan and Paraiso registered the Internet domain name "EEVZDROP.COM."

12. On April 6, 2012, Adesuyi, Punzalan and Paraiso organized the Illinois limited liability company "Eevzdrop, LLC, Plaintiff in this litigation.

13. On April 6, 2012, Adesuyi, Punzalan and Paraiso assigned any rights in and to the name "EEVZDROP" and the domain name "EEVZDROP.COM" to Plaintiff.

14. A key feature of interaction on social media sites and applications is the use of a personalized user name, e.g., "@Eevzdrop."

15. Because of the large number of different social media sites and applications, it is highly valuable and desirable to have a common user name across all social media sites with which one engages or participates.

16. On or about April 11, 2012, Plaintiff first used its mark EEVZDROP in interstate commerce by promoting the mark on various social media web sites and mobile applications.

17. On or about April 11, 2012, Plaintiff created a user name "@EEVZDROP" on the social media site Twitter.com.

18. On May 23, 2012 Plaintiff created a user name "@EEVZDROP" for use with the social media application Instagram.

19. On or about July 13, 2012, Plaintiff created the EEVZDROP web page on the social media site facebook.com.

20. On or about July 22, 2012, Plaintiff created the EEVZDROP web page on the social media service Google+.

21. On or about July 18, 2012, Plaintiff created a web site using the domain name "EEVZDROP.COM" which was previously registered on November 18, 2011. A true and correct copy of Plaintiff's Internet web site home page is attached hereto as Exhibit A.

22. Plaintiff's web site establishes public identification of its EEVZDROP mark with its product in a manner that seizes the attention of the relevant market.

23. Plaintiff's web site establishes public identification of its EEVZDROP mark with its product by describing the product on the web page: "EEVZDROP™ is an easy to use, audio-based, social media app designed for the iPhone."

24. Plaintiff's web site seizes the attention of the relevant market for the product associated with the EEVZDROP mark by directing prospective purchasers to preregister their username for use with the EEVZDROP App.

25. To help protect its trademark rights in its important EEVZDROP Mark, and to put others on notice of those rights, on April 13, 2012, Plaintiff filed a United States Trademark Intent to Use applications Serial Number 85597504 for the mark "EEVZDROP" in International Class 009 for "Downloadable software in the nature of a mobile application for social networking and exchanging files and messages"; and

26. To help protect its trademark rights in its important EDROP Mark, and to put others on notice of those rights, on April 13, 2012, Plaintiff filed a United States Trademark Intent to Use application Serial Number 85598643 for the mark "EDROP" in International Class

4

038 for "Electronic transmission of messages and data; Instant messaging services; Message sending via a website; Message sending, receiving and forwarding; Wireless digital messaging services."

27. Both applications were published for opposition on September 4, 2012.

28. As a result of its long use and substantial promotion of the EEVZDROP mark, Plaintiff has established valuable goodwill and public recognition in and to the EEVZDROP mark.

29. Because of the long, continuous use of the EEVZDROP mark, and the fanciful nature of the EEVZDROP mark, it has acquired secondary meaning and is associated in the minds of customers and the public with Plaintiff.

30. Upon information and belief, Defendant has created software in the nature of a mobile application for social networking and exchanging files and messages under the name "EVZDROP."

31. Defendant chose the name EVZDROP intentionally and with bad faith intent to cause consumer confusion with Plaintiff's mark EEVZDROP.

32. Defendant's EVZDROP mark is identical in sound, appearance and overall commercial impression to Plaintiff's EEVZDROP mark.

33. On or about May 16, 2012, over one (1) month after Plaintiff's trademark was filed, Defendant filed United States Trademark Intent to Use application Serial Number 85627367 for the mark EVZDROP, in International Class 009, for "A software application accessible via the Internet or mobile device, and social media platform designed to connect people and places."

34. Defendant does not currently own nor has it ever owned a federal trademark registration for EVZDROP, EEVZDROP or any variation thereof incorporating EEVZDROP.

35. On or about August 3, 2012, Defendant created the EVZDROP web page on the social media site facebook.com.

36. On or about September 10, 2012, Defendant filed a "30 Day Request for Extension of Time to Oppose" Plaintiff's application Serial Number 85597504 for the mark EEVZDROP.

37. Defendant did not file an Opposition or a request for additional time to oppose Plaintiff's application Serial Number 85598643 for the mark "EDROP" prior to expiration of the opposition period.

38. On information and belief, Defendant has used the user name "@EVZDROP" or "EVZDROP" on the social media site Twitter, on the application Instagram and on the social media service Google+.

39. Plaintiff uses the mark EDROP to identify a service provided by Plaintiff accessible through the EEVZDROP application that allows users to capture and share audio files.

40. Defendant uses the term "DROP" to identify a service provided by the Defendant's application that allows users to capture and share audio files. A true and correct copy of Defendant's Internet web site home page is attached hereto as <u>Exhibit B</u>.

41. On or about September 19, 2012, Defendant publicly demonstrated its product using the "EVZDROP" mark at an event entitled "Technori Pitch" held in Chicago.

42. Defendant was aware of Plaintiff's prior use of the mark EEVZDROP at the time that Defendant made its public presentation at the "Technori Pitch" event in Chicago.

43. Individuals who are familiar with Plaintiff's EEVZDROP App were present at the "Technori Pitch" event in Chicago.

44. Defendant's use of the mark EVZDROP at the "Technori Pitch" event in Chicago caused confusion among attendees at the "Technori Pitch" event in Chicago, as well as amongst prospective consumers of the EEVZDROP App.

45. On or about October 1, 2012, counsel for Plaintiff had a telephone discussion with counsel for Defendant during which counsel for Defendant informed counsel for Plaintiff that, in addition to pursuing the opposition proceeding, Defendant would pursue federal litigation against Plaintiff to enjoin Plaintiff's use of the EEZVDROP mark.

46. Plaintiff has been harmed by Defendant's use of the mark EVZDROP at the "Technori Pitch" event in Chicago on September 19, 2012.

47. Plaintiff has been harmed by Defendant's use of the mark EVZDROP on social media sites such as Facebook.com, Twitter, Instagram and Google+ has caused confusion among consumers.

48. Plaintiff will continue to be harmed by Defendant's use of the mark EVZDROP on social media sites such as Facebook.com, Twitter and Google+, and others.

49. Plaintiff is being harmed and will continue to be harmed by Defendant's use of the mark EVZDROP on Defendant's web site at www.evzdrop.com.

50. Defendant's use of the mark EVZDROP on the Apple "App Store" has caused actual harm to Plaintiff and will continue to cause actual harm unless Defendant is enjoined from further use of EVZDROP.

## CAUSES OF ACTION

### COUNT I – DECLARATORY JUDGMENT
**(Priority Under § 7(c) of the Lanham Act)**

51. A justiciable and actual controversy exists before this Court with respect to whether Plaintiff has priority of use of the EEVZDROP Mark in connection with its product, under §7(c) of the Lanham Act.

52. On April 13, 2012, Plaintiff filed its United States Trademark application Serial Number 85597504 for the mark EEVZDROP in International Class 009 based on its bona fide intent to use the mark EEVZDROP in commerce.

53. On May 16, 2012, Defendant filed its United States Trademark application Serial Number 85627367 for the mark EVZDROP in International Class 009.

54. At least as early as April 10, 2012, but no later than July 18, 2012, Plaintiff began using the mark EEVZDROP in commerce.

55. On or about September 10, 2012, Defendant filed a "30 Day Request for Extension of Time to Oppose" Plaintiff's application Serial Number 85597504 for the mark EEVZDROP.

56. By filing the 30 Day Request for Extension of Time to Oppose and threatening further legal action in the absence of Plaintiff ceasing use of the EEVZDROP mark, Defendant created an actual controversy between Defendant and Plaintiff as to who has priority in the EEVZDROP mark and whether Defendant's use of EVZDROP infringes on any right of Plaintiff.

57. Despite its demands, Defendant does not own rights sufficient to preclude Plaintiff's use of its EEVZDROP mark.

58. Defendant can own no rights in EVZDROP.

59. Plaintiff used its mark in commerce within six (6) months of the filing date of its Intent to Use (ITU) application.

60. The ITU provisions of the Lanham Act permit the holder of an ITU application to use the mark in commerce, obtain registration, and thereby secure priority retroactive to the date of filing of the ITU application.

61. Plaintiff has priority in time and superior rights in the mark EEVZDROP due to the Plaintiff's earlier filing of its' ITU trademark application and use of the EEVZDROP mar in commerce.

## COUNT II

**(Trademark Infringement)**
**15 U.S.C. §1125(a)**

**Plaintiff Owns a Protectable Mark**

62. Plaintiff uses the name EEVZDROP in connection with its web site and mobile software application.

63. Plaintiff's trademark, EEVZDROP is protectable under trademark laws.

64. Plaintiff's trademark EEVZDROP is arbitrary and fanciful.

65. Plaintiff's trademark EEVZDROP has acquired secondary meaning.

66. Plaintiff has advertised and continues to advertise the EEVZDROP name on the internet and across the most popular social media web sites and applications to consumers interested in social networking software applications.

67. Plaintiff has at least one hundred eighty five (185) pre-registered consumers for its EEVZDROP App.

68. Defendant intentionally adopted the Plaintiff's mark EEVZDROP knowing it was a nationally-recognized brand owned by Plaintiff.

**Defendant's Infringing Mark is Causing Confusion Among Consumers**

69. Defendant's Infringing Mark causes confusion among consumers.

70. Plaintiff's mark EEVZDROP is identical in sound, appearance, and meaning to Defendant's infringing mark, EVZDROP.

71. Plaintiff's domain name www.eevzdrop.com is identical in sound, appearance, and meaning to Defendant's domain name www.evzdrop.com.

72. Plaintiff markets and promotes downloadable software in the nature of a mobile application for social networking and exchanging files and messages under the mark EEVZDROP that is identical to Defendant's mobile application for social networking.

73. Plaintiff's and Defendant's potential customers are identical.

74. Plaintiff's and Defendant's channels of trade are identical.

75. Given the wide availability of social networking applications, consumers are less likely to exercise a high degree of care.

76. Plaintiff's mark EEVZDROP is arbitrary and fanciful.

77. Plaintiff's mark EEVZDROP is distinctive and identifies Plaintiff as a source of a mobile application for social networking.

78. Consumers have actually confused Defendant with Plaintiff on numerous occasions, including at the "Technori Pitch" event held in Chicago.

79. Defendant's use of Plaintiff's mark, EEVZDROP, has caused actual harm to Plaintiff and will continue to cause actual harm unless Defendant is enjoined from further use of EVZDROP.

## COUNT III

**(State Trademark Infringement)**
**815 ILCS 510/2**

80. Claims for unfair competition and deceptive business practices brought under Illinois Statutes are to be resolved according to the principles set forth under the Lanham Act. *Spex, Inc. v. Joy of Spex, Inc.*, 847 F. Supp. 567, 579 (N.D.Ill.1994); *Thomspon v. Spring-Green Lawn Care Corp.*, 126 Ill.App.3d 99, 91 Ill.Dec. 202, 466 N.E.2d 1004, 1010 (Ill.App.Ct.1984).

**Plaintiff Owns a Protectable Mark**

81. Plaintiff uses the name EEVZDROP in connection with its web site and mobile software application.

82. Plaintiff's trademark, EEVZDROP is protectable under trademark laws.

83. Plaintiff's trademark EEVZDROP is arbitrary and fanciful.

84. Plaintiff's trademark EEVZDROP has acquired secondary meaning.

85. Plaintiff has advertised and continues to advertise the EEVZDROP mark on the internet and across the most popular social media web sites and applications to consumers interested in social networking software applications.

86. Plaintiff has at least one hundred eighty five pre-registered (185) consumers for its EEVZDROP App.

87. Defendant intentionally adopted the Plaintiff's mark EEVZDROP knowing it was a nationally-recognized brand owned by Plaintiff.

**Defendant's Infringing Mark is Causing Confusion Among Consumers**

88. Defendant's Infringing Mark causes confusion among consumers.

89. Plaintiff's mark EEVZDROP is identical in sound, appearance, and meaning to Defendant's infringing mark, EVZDROP.

90. Plaintiff's domain name www.eevzdrop.com is identical in sound, appearance, and meaning to Defendant's domain name www.evzdrop.com.

91.     Plaintiff markets and promotes downloadable software in the nature of a mobile application for social networking and exchanging files and messages under the mark EEVZDROP that is identical to Defendant's mobile application for social networking.

Plaintiff's and Defendant's potential customers are identical.

92.     Plaintiff's and Defendant's channels of trade are identical.

93.     Given the wide availability of social networking applications, consumers are less likely to exercise a high degree of care.

94.     Plaintiff's mark EEVZDROP is arbitrary and fanciful.

95.     Plaintiff's mark EEVZDROP is distinctive and identifies Plaintiff as a source of a mobile application for social networking.

96.     Consumers have actually confused Defendant with Plaintiff on numerous occasions, including at the "Technori Pitch" event held in Chicago.

97.     Defendant's use of Plaintiff's mark, EEVZDROP, has caused actual harm to Plaintiff and will continue to cause actual harm unless Defendant is enjoined from further use of EVZDROP.

## COUNT IV

**(Trademark Infringement)**
**15 U.S.C. §1125(a)**

**Plaintiff Owns a Protectable Mark**

98.     Plaintiff uses the trademark EDROP in connection with its web site and mobile software application to identify a service provided by Plaintiff and accessible through the EEVZDROP application that allows users to capture and share audio files.

99.     Plaintiff's trademark, EDROP is protectable under trademark laws.

100.    Plaintiff's trademark EDROP is arbitrary and fanciful.

101. Plaintiff filed its ITU application to register and protect its EDROP trademark.

102. Plaintiff has advertised and continues to advertise the EDROP mark on the internet and across the most popular social media web sites and applications to consumers interested in social networking software applications.

103. Defendant intentionally adopted the term "DROP to identify it's audio file sharing service with full knowledge of Plaintiff's mark EDROP for Plaintiff's audio file sharing service.

**Defendant's Infringing Mark is Causing Confusion Among Consumers**

104. Defendant's use of the term "DROP" causes confusion among consumers.

105. Defendant's infringing term, DROP, is strikingly similar in sound, appearance, and meaning to Plaintiff's mark EDROP.

106. Plaintiff's and Defendant's potential customers are identical.

107. Plaintiff's and Defendant's channels of trade are identical.

108. Given the wide availability of social networking applications, consumers are less likely to exercise a high degree of care.

109. Plaintiff's mark EDROP is arbitrary and fanciful.

110. Plaintiff's mark EDROP is distinctive and identifies Plaintiff as a source of a service that allows users to capture and share audio files through their mobile device.

111. Defendant's use of the term "DROP" to identify a service that allows users to capture and share audio files through their mobile device is likely to cause confusion among consumers with Plaintiff's mark, EDROP for an identical service and will cause actual harm unless Defendant is enjoined from further use of the term DROP.

**COUNT III**

**(State Trademark Infringement)**
**815 ILCS 510/2**

112. Claims for unfair competition and deceptive business practices brought under Illinois Statutes are to be resolved according to the principles set forth under the Lanham Act. *Spex, Inc. v. Joy of Spex, Inc.*, 847 F. Supp. 567, 579 (N.D.Ill.1994); *Thomspon v. Spring-Green Lawn Care Corp.*, 126 Ill.App.3d 99, 91 Ill.Dec. 202, 466 N.E.2d 1004, 1010 (Ill.App.Ct.1984).

**Plaintiff Owns a Protectable Mark**

113. Plaintiff uses the trademark EDROP in connection with its web site and mobile software application to identify a service provided by Plaintiff and accessible through the EEVZDROP application that allows users to capture and share audio files.

114. Plaintiff's trademark, EDROP is protectable under trademark laws.

115. Plaintiff's trademark EDROP is arbitrary and fanciful.

116. Plaintiff filed its ITU application to register and protect its EDROP trademark.

117. Plaintiff has advertised and continues to advertise the EDROP mark on the internet and across the most popular social media web sites and applications to consumers interested in social networking software applications.

118. Defendant intentionally adopted the term "DROP to identify it's audio file sharing service with full knowledge of Plaintiff's mark EDROP for Plaintiff's audio file sharing service.

**Defendant's Infringing Mark is Causing Confusion Among Consumers**

119. Defendant's use of the term "DROP" causes confusion among consumers.

120. Defendant's infringing term, DROP, is strikingly similar in sound, appearance, and meaning to Plaintiff's mark EDROP.

121. Plaintiff's and Defendant's potential customers are identical.

122. Plaintiff's and Defendant's channels of trade are identical.

123. Given the wide availability of social networking applications, consumers are less likely to exercise a high degree of care.

124. Plaintiff's mark EDROP is arbitrary and fanciful.

124. Plaintiff's mark EDROP is distinctive and identifies Plaintiff as a source of a service that allows users to capture and share audio files through their mobile device.

126. Defendant's use of the term "DROP" to identify a service that allows users to capture and share audio files through their mobile device is likely to cause confusion among consumers with Plaintiff's mark, EDROP for an identical service and will cause actual harm unless Defendant is enjoined from further use of the term DROP.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order for:

(i) a determination that Plaintiff has priority of use of the EEVZDROP trademark;

(ii) a determination that Defendant's use of the EVZDROP trademark is violating §43(a) of the Lanham Act,

(iii) a determination that Defendant's use of the word "DROP" is violating §43(a) of the Lanham Act,

(iv) Preliminary and permanent injunctive relief prohibiting Defendant's U. S. Trademark application Serial No. 85274017;

(v) An award of Plaintiff's actual damages;

(vi) An award of a reasonable royalty;

(vii) An award of Plaintiff's costs and reasonable Attorney's Fees incurred in prosecuting this matter;

(viii) Prejudgment interest and costs; and

(ix) Such other relief the Court deems just and appropriate.

## JURY DEMAND

15

Counter-Plaintiff hereby demands a trial by jury on all matters and issues triable by jury in this action.

Dated: October 12, 2012

Respectfully submitted,
[signed] /david m. adler/
David M. Adler, Esq.
Leavens, Strand, Glover & Adler, LLC
203 North LaSalle Street, Suite 2550
Chicago, Illinois 60601
Phone: (866) 734-2568
ISBA #6242403
Email: dadler@lsglegal.com